UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | No. 2:13-cv-0956 MCE DAD P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY A. BEARD et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
2   1915(b)(2).

3   **SCREENING REQUIREMENT**

4   The court is required to screen complaints brought by prisoners seeking relief against a
5   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
6   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
7   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
8   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
9   U.S.C. § 1915A(b)(1) & (2).

10  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16  Cir. 1989); Franklin, 745 F.2d at 1227.

17  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
18  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
19  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
20  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
21  However, in order to survive dismissal for failure to state a claim a complaint must contain more
22  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
23  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
24  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
26  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
27  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
28  /////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified as the defendants in this action Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, and more than twenty other correctional officials. In his complaint plaintiff alleges that he provided testimony against Correctional Officer Mary Brockett for sexual misconduct, which resulted in the termination of her employment. After providing that testimony, plaintiff alleges that defendants retaliated against him, failed to protect him from other inmates, used excessive force against him, and failed to provide him with adequate medical care. Plaintiff describes various events that allegedly took place from February 2004 through September 2009. In terms of relief, plaintiff requests the award of monetary damages.

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. In this regard, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint suffers from a number of deficiencies. First, the court observes that plaintiff has named a number of supervisory officials as the defendants in this action. However, plaintiff has not adequately alleged what specific acts each of these defendants engaged in to violate his constitutional rights. As noted above, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Starr v. Baca, 652 F.3d

1202, 1207 (9th Cir. 2011) (supervisory defendant may be held liable under § 1983 only "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'") (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

The court also observes that many of plaintiff's claims appear to be time-barred. Specifically, plaintiff complains about events that took place as far back as 2004. Plaintiff is advised that § 1983 actions are subject to a four-year statute of limitations period (a two-year limitations period plus a two-year statutory tolling due to plaintiff's incarceration). See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Under federal law, a § 1983 action accrues, and the statute of limitations begins to run, when the defendants' alleged wrongful act or omission causes damage(s). See Wallace v. Kato, 549 U.S. 384, 388 (2007). In this regard, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado, 370 F.3d at 955.

Turning to plaintiff's constitutional claims, insofar as plaintiff is attempting to assert a retaliation claim, it is well established that filing administrative grievances and pursuing litigation in this court are protected activities. See Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Prison officials may not retaliate against prisoners for doing so. See id. at 568. However, the Ninth Circuit has made clear:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id. at 567-68. See also Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this."). In any amended complaint plaintiff elects to file, he will need to clarify which defendant(s) he believes retaliated against him, describe their alleged retaliatory conduct, and explain why he believes their conduct was motivated by, or because of, plaintiff's engagement in protected activities.

Insofar as plaintiff is attempting to assert a failure to protect claim, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). It is well established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" Id. at 834. However, prison officials do not incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner. Id.

In any amended complaint plaintiff elects to file, he must allege facts that, if proven, would objectively establish that he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also allege that subjectively each named defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834. A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id.

Insofar as plaintiff is attempting to assert an excessive use of force claim, he is advised that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley, i.e.,

whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7.  The court considers several factors to determine whether a use of force violates the Eighth Amendment, including the need for force, the relationship between the need for force and the amount of force used, and the extent of the threat the officers reasonably perceived the plaintiff posed.  See Whitley, 475 U.S. at 321.  A prisoner is not required to allege and show a "significant injury," see Hudson, 503 U.S. at 9-10, but "an inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim."  Wilkins v. Gaddy, 559 U.S. 34, 38 (2010). In any amended complaint plaintiff elects to file, he should allege facts that, if proven, would indicate that each defendant's actions were unnecessary, that the defendants acted with a sufficiently culpable state of mind, or that they acted for the "very purpose of causing harm." Whitley, 475 U.S. at 320-21.

      Finally, insofar as plaintiff is attempting to assert a claim for inadequate medical care, the Supreme Court has held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

      In any amended complaint plaintiff elects to file, he will need to allege facts as to how each defendant's actions rose to the level of "deliberate indifference."  Mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition, before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.").

In closing, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## OTHER MATTERS

Plaintiff has filed a motion with the court seeking a special hearing to prevent further injury to him. In that motion, plaintiff explains that he has been the subject of a retaliatory transfer to the Security Housing Unit at Corcoran State Prison. Plaintiff further alleges that unspecified prison officials there have threatened to house him with a documented enemy.

Plaintiff's allegations are vague and conclusory and do not demonstrate that a hearing is warranted at this time or that he is entitled to other relief. In addition, plaintiff is advised that this court is unable to issue an order against any individual or entity who is not a party to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). If plaintiff is concerned about his housing assignment or a future housing assignment, his first course of action should be to file an administrative grievance at his institution of confinement. See Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's motion for a special hearing (Doc. No. 12) is denied.

6. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: August 18, 2014

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mana0956.14a