UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | No. 2:13-cv-00956-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| JEFFFREY A. BEARD, et al., | |
| Defendants. | |

In bringing the present Motion for Relief, Plaintiff Dean C. Rodgriguez ("Plaintiff"), a state prisoner proceeding in forma pauperis, asks that the undersigned to reverse the Magistrate Judge's September 30, 2015 Order in this matter, to the extent that Order found that Plaintiff's claims against certain Defendants were deficient.  While the Magistrate Judge found that Plaintiff's Amended Complaint (ECF No. 16) stated a cognizable claim for relief under the Eighth Amendment (failure to protect) against Defendants Lo, Drake, and Schultze in connection with the inmate assault on Plaintiff that took place on February 16, 2009, and while the Magistrate further found that Plaintiff had similarly alleged a cognizable claim against another Defendant, Masterson, in connection with a second assault that occurred on September 8, 2009, the Magistrate Judge concluded that Plaintiff's allegations against the remaining defendants did not

1

state a cognizable claim for failure to protect.

With respect to the remaining Defendants, the Magistrate Judge found that Plaintiff's vague and conclusory allegations that he told said Defendants that "some corrupt correctional staff' were telling other inmates that Plaintiff was a "snitch" were insufficient, without more, to rise to the level of an Eighth Amendment violation. Nor, according to the Magistrate, were Plaintiff's failure to train/supervise and conspiracy claims any more persuasive since Plaintiff identified no causal link between any supervisory Defendants and his claimed constitutional violations, and further failed to allege any facts evidencing a conspiracy.

In reviewing a magistrate judge's determination, the assigned judge shall apply the "clearly erroneous or contrary to law" standard of review set forth in Local Rule 303(f), as specifically authorized by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).[1] Under this standard, the Court must accept the Magistrate Judge's decision unless it has a "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal., 508 U.S. 602, 622 (1993). If the Court believes the conclusions reached by the Magistrate Judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently. Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

After reviewing the entire file, this Court cannot say that the Magistrate Judge's decisions outlined above were clearly erroneous. Instead, having reviewed and considered this matter at some length, the court finds that the Magistrate Judge's decision was correct. In advocating reconsideration, Plaintiff does little more than argue that various grievances, filings and/or appeals submitted by Plaintiff to prison staff, along

---

[1] Federal Rule of Civil Procedure 72(a) directs the district court judge to "modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Similarly, under 28 U.S.C. § 636(b)(1)(A), the district judge may reconsider any pretrial order "where it is shown that the magistrate's order is clearly erroneous or contrary to law."

1 with the prison's investigation thereof, provides the requisite factual underpinnings to his
2 claims.  The Court finds, however, that repeating his assertions that staff were spreading
3 rumors in this manner, without further support, is inadequate to justify claims pursued
4 against the recipients of the materials in question.  Plaintiff's Motion for Reconsideration
5 (ECF No. 30) is accordingly DENIED.
6     IT IS SO ORDERED.
7 Dated:  February 10, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT