UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO, | No. 2:13-cv-0956 MCE DB |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY A. BEARD, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis or IFP pursuant to 28 U.S.C. § 1915 on August 18, 2014. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court proceeds on plaintiff's first amended complaint. (ECF No. 16.)

Defendants filed a motion to vacate the court's order granting IFP status on April 6, 2016. (ECF No. 38.) Additionally, plaintiff filed a motion for leave to file a second amended complaint (ECF No. 37), two motions for injunctive relief (ECF Nos. 40; 42), and a motion for a special hearing (ECF No. 49). For the reasons set forth below, the undersigned grants defendants' motion to revoke IFP, denies plaintiff's motion to file a second amended complaint without prejudice, denies plaintiff's motions for injunctive relief, and denies plaintiff's motion for a hearing.

1

**I.      Motion to Revoke IFP**

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.  See Manago v. Myers, 3:90-cv-20256 MHP (N.D. Cal.); Manago v. Marshall, 3:94-cv-01528-MHP (N.D. Cal.); Manago v. Gulare, 1:99-cv-05525-REC SMS (E.D. Cal.).  In fact, plaintiff has already been adjudged as a "three-strikes" litigant by this court.  See Manago v. Gonzalez, No. 1:11–cv–02003–AWI–JLT PC, 2012 WL 259973 (E.D. Cal. Jan. 25, 2012) (findings and recommendations adopted in full by district court, 2012 WL 868873); Manago v. Walsh, 1:13-cv-1848 AWI BAM, ECF No. 8 (E.D. Cal. June 11, 2014).

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA").  The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits.  Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has previously brought three frivolous actions or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  Section 1915(g) should be used to deny a prisoner's IFP status "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (To determine whether a

////

2

1 | dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the
2 | reasons underlying it.").

3 |     This "three strikes rule" was part of "a variety of reforms designed to filter out the bad
4 | claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135
5 | S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has
6 | "three strikes" under § 1915(g), the prisoner is barred from proceeding IFP unless he meets the
7 | exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d
8 | 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-strikes"
9 | prisoner must plausibly allege that the prisoner was faced with imminent danger of serious
10 | physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189
11 | (9th Cir. 2015); Andrews v. Cervantes, 493 F.3d at 1055.

12 |     Defendants have the burden to "produce documentary evidence that allows the district
13 | court to conclude that the plaintiff has filed at least three prior actions that were dismissed
14 | because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d
15 | at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to
16 | explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that
17 | burden, plaintiff's IFP status should be revoked under 28 U.S.C. § 1915(g). Id.

18 |     Plaintiff does not contest that the cases listed above constitute his "three strikes." (ECF
19 | No. 44.) Plaintiff is therefore precluded from proceeding in forma pauperis in this action unless
20 | plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff
21 | has not alleged sufficient facts that he is under imminent danger of serious physical injury.
22 | Plaintiff's imminent danger claims are speculative and since § 1915(g) requires danger that is
23 | "ready to take place" or "hanging threateningly over one's head" the complaint allegations do not
24 | meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d at 1056.

25 |     It is the alleged conditions at the time the complaint was filed that determine if plaintiff
26 | meets the imminent danger and serious injury prongs of the exception. Id. at 1052. Therefore, it
27 | is plaintiff's first amended complaint, filed September 4, 2014, that shall be reviewed to see if
28 | ////

plaintiff meets the imminent danger exception. Section 1916(g) does not request the court to address the merits of the action, but establishes a threshold procedural question. Id. at 1057.

"[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055. Plaintiff must allege an on-going danger in order to meet the imminency requirement. Id. at 1056. "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Id. at 1056–57. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n. 11.

In Andrews, the Ninth Circuit found that the plaintiff was entitled to proceed in forma pauperis although he had previously filed three actions that had been dismissed as malicious, frivolous or failed to state a claim. In coming to this conclusion, the court looked to the specificity of the allegations pled in the complaint. The complaint recounted in detail the reasons why Plaintiff was in danger of contracting a serious illness. Andrews v. Cervantes, 493 F.3d at 1050.

The allegations in the first amended complaint -- which are also re-emphasized in plaintiff's opposition (ECF No. 44) to the motion to revoke -- mirror those in Manago v. Gonzalez, a case in which this court determined that plaintiff was a "three-striker" and not in imminent danger of serious physical injury. 2012 WL 259973. While it appears that plaintiff's claims in the present case and Gonzalez are somewhat different, there are several overlapping dates and incidents that indicate plaintiff is pointing to the same evidence to support the claim that he is in imminent danger.

**A.  Does the "Three Strikes" Exception Apply**

In both the first amended complaint and in Gonzalez, plaintiff claims that as a result of a "sting" operation he took part in, a correctional officer was fired. See Gonzalez, 2012 WL 259973, at *2; ECF No. 16 at 1-2. Plaintiff claims that prison staff are engaging in ongoing efforts to retaliate against him because of his status as a "snitch." (ECF No. 16 at 1-2.) Specifically, plaintiff alleges that correctional officers informed prisoners in the general

4

population that he is a "snitch," which has endangered his life by subjecting him to assaults at the hands of other inmates.

Plaintiff points to specific incidents of violence in February of 2009, on September 8, 2009, as well as in 2010 to support the contention that he is in imminent danger. (Id. at 2, 7-14.) Similarly, in Gonzalez, plaintiff cited the same September 8, 2009 assault at the hands of both inmates and prison staff. 2012 WL 259973, at *2. Additionally, in Gonzalez, plaintiff claimed that he was provided with inadequate medical care throughout 2009 and 2010 to cover up attacks by prison staff. Id. Ultimately, the court in Gonzalez determined that plaintiff's claims were "speculative" and did not demonstrate imminent danger of serious physical injury. Id.

As noted above, the court must analyze the imminent danger exception as the situation existed at the time of the operative complaint. See Andrews v. Cervantes, 493 F.3d at 1052. The first amended complaint was filed on September 4, 2014. (ECF No. 16.) Plaintiff's allegations of imminent danger do not concern any specific ongoing threats in 2014. In fact, as of September of 2014, plaintiff was detained in California State Prison, Corcoran -- a different prison than the one where his allegations are centered.[1] The remaining defendants in this case are all correctional officers at California State Prison, Sacramento. (ECF No. 16 at 3-6.)[2] Thus, plaintiff's allegations of danger concerning California State Prison, Sacramento and California Correctional Institution, Tehachapi are not relevant to plaintiff's condition in September 2014 when he was detained in Corcoran.

In addition to the purported dangers listed in the first amended complaint, plaintiff's opposition complains of an institutional transfer in April 2016 which would place Plaintiff close

---

[1] Plaintiff was held in California Correctional Institution, Tehachapi at the time of his original complaint. However, through the screening process, then-Magistrate Judge Dale A. Drozd dismissed the original complaint with leave to amend. (ECF No. 13.) Thus, at this stage, the court is proceeding on the allegations in the first amended complaint, which was filed on September 4, 2014 when plaintiff was held in California State Prison, Corcoran. (See ECF Nos. 8; 10; 16.)

[2] Originally, executives with the California Department of Corrections and Rehabilitation were also named as defendants in this case. (ECF No. 1.) However, those defendants were terminated during the screening process (ECF No. 13) and the case is only proceeding against certain members of the correctional staff at California State Prison, Sacramento.

to documented enemies.  (ECF No. 46 at 1, 2, 7.)  However, a transfer in April of 2016 -- nearly two years after the first amended complaint was filed -- is irrelevant to the conditions that existed when the operative complaint was filed.  See Andrews v. Cervantes, 493 F.3d at 1052.  Thus, the court cannot take that transfer and plaintiff's accompanying allegations into consideration for the purposes of this motion.

Accordingly, plaintiff has failed to meet his burden of proving the viability of this statutory exception.  Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee.  Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.

**II.**     **Motion to File Second Amended Complaint**

The court denies the motion for leave to file a second amended complaint (ECF No. 37) without prejudice subject to renewal if plaintiff is able to pay the filing fee.

**III.**    **Motions for Injunctive Relief**

Currently pending before the court are two motions seeking injunctive relief: a motion for preliminary injunction (ECF No. 40) and a motion for emergency protective order (ECF No. 42).

Injunctive relief "is an extraordinary remedy, never awarded as of right."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 24 (2008).  The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision on the merits of the case, see 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010), that is, to preserve the status quo pending a determination on the merits, Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009).

Plaintiff has not prayed for any injunctive relief and this is an action for damages only.  (ECF No. 16 at 25.)  In the motion for preliminary injunction, plaintiff moves this court to enter an order allowing him to bring certain legal property with him when he is released from prison.  (ECF No. 40.)  First, because a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 concerns the court's ability to preserve the status quo pending a determination

on the merits in the case, see Sierra Forest Legacy, 577 F.3d at 1023, it is not the appropriate means for this court to address a dispute between plaintiff and the prison system in general that is unrelated to the substance of the case. Second, it appears that this motion is now moot because plaintiff was to be released from custody in July of 2016. (ECF No. 40 at 7.)

Similarly, plaintiff's motion for emergency protective is filed pursuant to Federal Rule 65 -- i.e. it is, in essence, a preliminary injunction motion as well. Thus, as with the motion for preliminary injunction, plaintiff's motion for emergency protective order is inappropriate because this is a case for monetary damages, not injunctive relief. Furthermore, this motion, too, is moot because it specifically seeks to stop a temporary transfer of plaintiff to California State Prison, Sacramento -- a transfer that was to occur in April of 2016, which is further mooted by the fact that plaintiff was paroled in July of 2016.

Accordingly, the undersigned denies as moot plaintiff's two motions for injunctive relief.

**IV.     Motion for Special Hearing**

Finally, plaintiff filed a "motion for a special hearing in open court." (ECF No. 49.) The court must deny this motion as well, as it relates to plaintiff's requests for injunctive relief, which are both inappropriate and moot. Plaintiff moves the court to hold a hearing on his proposed transfer to California State Prison, Sacramento in April of 2016. (ECF No. 49 at 1-2.) As with the motion for emergency protective order, this motion is inappropriate in this action for monetary, not injunctive relief, and is also moot on account of the transfer having already taken place and plaintiff being paroled in July of 2016. Thus, the court will deny this motion.

**V.      Conclusion**

In summation, for the reasons set forth above, IT IS HEREBY ORDERED that:

(1)     Defendants' motion to revoke IFP status (ECF No. 38) is granted;

(2)     Plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee of $331.00 that is still owed;

(3)     Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed;

////

7

   (4) Plaintiff's motion for leave to file a second amended complaint (ECF No. 37) is denied without prejudice, subject to renewal if plaintiff pays the appropriate filing fee;

   (5) Plaintiff's motion for preliminary injunction (ECF No. 40) is denied as moot;

   (6) Plaintiff's motion for emergency protective order (ECF No. 42) is denied as moot; and

   (7) Plaintiff's motion for a special hearing (ECF No. 49) is denied.

Dated: January 24, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
ORDERS / ORDER.PRISONER.CIVIL RIGHTS / Mona0956.1915g.ifp